**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**THAD TATUM**                                                **CIVIL ACTION**

**VERSUS**                                                    **NO. 14-2980**

**DOCTOR'S ASSOCIATES INC.,**                                 **SECTION "B"(1)**
**KOSTMAYER MORTGAGE CORPORATION**

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Plaintiff's Complaint by Defendant, Doctor's Associates, Inc. ("DAI").[1] DAI moves the Court to dismiss Plaintiff, Thad Tatum's claims arising under the Americans with Disabilities Act, because Plaintiff's claims against it are "premised upon an incorrect assumption that DAI is the lessee and operator of the property located at 2100-2114 Veterans Boulevard, Metairie, Louisiana 70005 ("Property")."[2]

Plaintiff has filed a first Amended Complaint, as well as an opposition to the motion, arguing that the amended pleading, which supersedes the original complaint, moots the motion to dismiss.[3] Plaintiff explains that it filed the amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(1)(B).[4] Plaintiff cites to cases such as *Purkey, v. Marberry*, 385 Fed.

---

[1] Rec. Doc. No. 6.
[2] Rec. Doc. No. 6 at 1.
[3] Rec. Doc. No. 9 at 1-2.
[4] Rec. Doc. No. 9 at 1.

1

App'x. 575 (7th Cir. 2010), to support the argument that the motion to dismiss should be dismissed as moot.[5]

A party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). Defendant's Rule 12(b) motion was filed February 13, 2015, and Plaintiff amended the pleadings on February 23, 2015. Therefore, Plaintiff has permissibly amended its pleadings.

In the amended complaint, Plaintiff alleges DAI controls modifications to the Property, and agreed to retain that control pursuant to a Settlement Agreement with the United States.[6] In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the plaintiff's favor.

Here, DAI's arguments attack the initial complaint. The pleading has been superseded by an amended complaint, and it is upon these pleadings that Plaintiff must make a prima facie showing of a claim under ADA. The amended complaint contains different and additional factual allegations regarding whether DAI may be held liable for the claims present in this case. If Defendant wishes to attack the sufficiency of the amended complaint, it must file another motion specifically addressing

---

[5] Rec. Doc. No. 9 at 1.
[6] Rec. Doc. No. 8 at 3-4.

the amended complaint. Therefore, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED** as **MOOT.**

New Orleans, Louisiana, this 26th day of February, 2015.

_____
UNITED STATES DISTRICT JUDGE